UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CITY OF KENNER                                    CIVIL ACTION

VERSUS                                            NO: 21-2064

CERTAIN UNDERWRITERS AT                           SECTION: "J"(3)
LLYOD'S, LONDON, ET AL.

## ORDER & REASONS

Before the Court is a *Motion to Compel Arbitration and Stay Litigation* **(Rec. Doc. 9)** filed by Defendants, Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-37943-06; Indian Harbor Insurance Company; Lexington Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; General Security Indemnity of Arizona; HDI Global Specialty SE; Old Republic Union Insurance; and Safety Specialty Insurance Company (collectively, "Defendants"); an opposition (Rec. Doc. 10) filed by Plaintiff, City of Kenner ("Plaintiff" or "the City"); and a reply (Rec. Doc. 13) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be granted.

## FACTS AND PROCEDURAL BACKGROUND

In the Fall of 2020, a City of Kenner government building suffered damage during Hurricane Zeta.  Under an account policy agreed upon with the Defendants in this case, the City maintained surplus lines policies which are alleged to have covered the damages.  Defendants, allegedly acting in concert, declined to pay out under the

1

various policies ensconced in that account policy.  The City of Kenner sued to enforce the policies.  Now, citing an arbitration clause which appears in the governing document for the policies ("the Contract"), Defendants ask the Court to enforce the clause and stay this litigation.

## LEGAL STANDARD

Louisiana law generally prohibits arbitration clauses.  *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer").  Nonetheless, the Contract governing the set of policies issued by Defendants to the City of Kenner includes an arbitration clause that nominally submits "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance, including its formation and validity . . . to an Arbitration Tribunal in the manner hereinafter set out."  (Rec. Doc. 1-2, at 1). The Contract also provides that the arbitration "shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this instance." *Id.*

Because Louisiana law would prohibit enforcement of this arbitration clause, Defendants must rely on some preemptory law if this motion is to be granted.  They find that law in a treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[1]  The Convention, as

---

[1] Where applicable, the Convention supersedes state law.  *See McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).

implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).[2]  There is no dispute that there is a written agreement to arbitrate, that the arbitration agreement provides for arbitration in a signatory nation, and that the agreement arises out of a commercial legal relationship.  Nor is there any dispute that two of the ten Defendants – namely, HDI Global Specialty SE and Certain Underwriters at Lloyd's, London – are not American citizens.  The remaining eight Defendants are American citizens.

Despite the facial applicability of the Convention to two Defendants, Plaintiff requests that this Court deny the motion as to all Defendants. (Rec. Doc. 10). Conversely, despite the facial inapplicability of the Convention to eight Defendants, Defendants seek enforcement of the arbitration clause and a stay of litigation as to all ten Defendants. (Rec. Docs. 9-1, 13). There are three outstanding questions that the Court must address in order to sort out this web of confusion: (1) whether there is only one agreement or several; (2) whether the contracts are ambiguous; and (3) whether equitable estoppel is warranted.

---

[2] The arbitration clause must also be otherwise valid, that is, not "inoperative or incapable of being performed."  *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1146 n.17 (5th Cir. 1985) (citation omitted).  The only present challenge to the validity of this clause is whether Louisiana law preempts or otherwise renders null the arbitration clause.  The Court will address this argument in due course.

3

## DISCUSSION

### I.   WHETHER THE AGREEMENT IS ONE OR SEVERAL

It is a matter of no little dispute whether the insurance contract is one or several.  Defendants assert that there is "one set of coverage documents that comprise the Account Policy."  (Rec. Doc. 13, at 2). They note, correctly, that the arbitration clause is not found in details of any particular policy but in the overarching policy document which governs the relationship between the City and the various insurance companies underwriting elements of the policy. *Id.* at 1–2. As such, Defendants submit that the foreign citizenship of even one of the companies is sufficient to enable them all to take advantage of the Convention's preemption of Louisiana law and mandate arbitration.  *See* (Rec. Doc. 9-1, at 9–10). In opposition, Plaintiff argues that "these are actually separate individual policies with separate contracts between the insured and each insurer." (Rec. Doc. 10, at 6), As such, Plaintiff submits, "each policy should be treated as a separate contract for purposes of application of the Convention." *Id.* Because the Convention requires the presence of a foreign citizen, and eight of these Defendants are American citizens, the City therefore contends that those eight cannot force arbitration. *Id.* at 4–5.

The governing document as to each of these policies is far from clear as to whether it is sole or separate.  The collection of policies is listed in one document and that document contains terms which are globally applicable. *See generally* (Rec. Doc. 1-3). However, each policy is listed under a different policy number and each underwriter is listed separately. *Id.* Further, the declaration page of the document

refers to "this Policy," singular, but a later section of the same document notes: "[a]lthough reference is made at various points in this clause to 'this Policy' in the singular, where the circumstances so require this should be read as a reference to Policies in the plural." *Id.* at 43. That same section (Section W: Several Liability Notice) sets forth that "[t]he liability of an insurer under this Policy is several and not joint with other Insurers party to this Policy." *Id.*

More directly, an endorsement to the policy states: "This contract shall be constructed as a separate contract between the Insured and each of the Underwriters." *Id.* at 4. Thus, the plain language of the document suggests that it is to be read not as one contract but as several bound together for convenience and by commonality. In a counterfactual in which certain insurers paid out under their particular policy, no member of this collective policy account would have a right of action against those insurers. Therefore, the Court reads the arbitration clause as between each insurer and the City, separately. Facially, that permits only the foreign Defendants to avail themselves of the arbitration clause on the basis of the Convention's preemption.

## II. WHETHER THE AGREEMENTS ARE AMBIGUOUS

The City argues that the Court should reject arbitration as to all Defendants, not merely the domestic ones, because the Contract is ambiguous. (Rec. Doc. 10, at 15). Specifically, Plaintiff contends that the ambiguity should be resolved in favor of applying Louisiana law to interpretation of the contract such that the arbitration clause is rendered null. *Id.* at 17–18. The City correctly notes that if, after applying

5

ordinary rules of construction, a contract remains ambiguous, "the ambiguous contractual provision is to be construed . . . in favor of the insured." *Id.* at 17 (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 207 (5th Cir. 2007)). The City asserts that there are two conflicts within the text of the contract which ought to result in the voiding of the arbitration clause. *Id.* at 15. First, it contends that the contract's terms mean that it should be interpreted under Louisiana law and that the arbitration clause therefore cannot remain. *Id.* Second, Plaintiff suggests that Defendants' express written consent to jurisdiction in the courts of the United States conflicts with the arbitration clause.[3] *Id.*

As to the first alleged conflict, Plaintiff submits that the contract provides for application of Louisiana law. *Id.* As evidence for this, the City notes two provisions. *Id.* The first provision states: "This insurance policy is delivered as a surplus line coverage under the insurance code of the State of Louisiana." *Id.* The second states: "This policy shall comply with laws and regulations of the controlling jurisdiction regarding cancellation and nonrenewal, and any provisions that conflict are hereby modified to comply minimally with such laws or regulations." *Id.* at 16. The first provision, as Defendants correctly note, is required to be printed *verbatim* in all surplus line policies issued in Louisiana, as per La. R.S. §22:433. (Rec. Doc. 13, at 7). This is a formality which does not establish Louisiana law as the governing law of

---

[3] The City also maintains that, because the contract is meant to be performed in the United States and has no foreign element beyond the two foreign insurers, it ought not to be considered as within the ambit of the Convention. While the Court agrees that these policies are "not of foreign concern," this has no effect on the application of the law of the Convention. As previously noted, if the four elements of the Convention's test are met, the Court must enforce a valid arbitration clause. Whether a contract is of foreign concern or not is not an element of that test.

construction of the contract. Next, the second provision certainly governs on questions of cancellation and nonrenewal, and Defendants do not contest this, but neither is at issue in this case. Therefore, the Court finds there is there is no ambiguity as to choice of law issues.

Plaintiff alternatively argues that, as Defendants "repeatedly consent to jurisdiction in the courts of the United States, . . . Defendants agree to be bound by the jurisdiction of the United States courts." (Rec. Doc. 10, at 16). The City suggests that the repeated consent is in direct conflict with the arbitration clause, which would force this dispute out of the court system and into arbitration. *Id.* at 16–17. The Court sees no such conflict. As the Fifth Circuit held in *McDermott International v. Lloyds Underwriters of London*, the clauses could be reconciled by interpreting the jurisdictional clause consistent with the arbitration clause to provide a judicial forum for disputes concerning the enforcement of arbitration awards. 944 F.2d 1199, 1205 (5th Cir. 1991). Specifically,

> Enforcement suits do not concern differences arising from the parties' contract, but rather differences concerning the propriety of the arbitration proceedings held pursuant to that contract. Thus, the policy may be read as contemplating that a claim for failure to pay under the policy not be made in court until after an arbitration proceeding.

*Id.* Accordingly, neither consent to personal jurisdiction nor the contemplation of post-arbitration court proceedings conflicts with the possibility of a proceeding in arbitration.

7

Therefore, because there is no ambiguity affecting the validity of the arbitration clause, Plaintiff has, at most, a case for denial of this motion with regard to the domestic Defendants.

### III.   WHETHER EQUITABLE ESTOPPEL IS WARRANTED

Although the Convention only applies to preempt Louisiana law with regard to the arbitration clause between the City and each of the two foreign Defendants, the City's allegations of interdependent and concerted misconduct by both the signatories to the valid and enforceable arbitration clause and non-signatories suffices to establish equitable estoppel. Thus, compelled arbitration is warranted as to both the foreign Defendants, as signatories, and the domestic Defendants, as non-signatories whose conduct is "intertwined, indeed identical." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020). Generally,

> application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (citation omitted; emphasis removed). Here, the City's petition for damages is rife with allegations of substantially interdependent and concerted misconduct. *See generally* (Rec. Doc. 1-1). Defendants correctly note that Plaintiff alleges that Defendants "collectively" insured the property; that Defendants, without differentiation, received

proof of loss but have failed to pay out on the damage; and that, in doing so, Defendants acted arbitrarily and capriciously, breaching their duty of good faith. (Rec. Doc. 13, at 2) (citing Rec. Doc. 1-1). Defendants, by their own statement, have acted "in unison and concert in the adjustment of plaintiff's claims." (Rec. Doc. 9-1, at 11). As previously recognized in *Holts v. TNT Cable Contractors., Inc*, "[a]rbitrating claims against [one defendant] while litigating claims against [others] could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration." *Holts*, 2020 WL 1046337, at *4. Therefore, application of equitable estoppel is warranted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Compel Arbitration and Stay Litigation* **(Rec. Doc. 9)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall stay and administratively close this case, to be reopened, if necessary, after arbitration is completed.

New Orleans, Louisiana, this 2nd day of February, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE